SEGUNDO COSTA, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE HUMACAO, recurrido.

Núm. 988.—*Sometido:* Marzo 11, 1937. *Resuelto:* Marzo 19, 1937.

El Juez Asociado Señor Córdova Dávila emitió la opinión del tribunal.

Es éste un recurso elevado a este Tribunal Supremo de acuerdo con los artículos primero y segundo de la ley aprobada en primero de marzo de 1902 (Leyes de 1902, pág. 313) sobre recursos gubernativos (Comp. 2180–2190).

Mario Fuentes Morales, en su carácter de alcalde y jefe ejecutivo del municipio de Humacao, hace constar que dicho municipio es dueño de una finca rústica de diez y siete cuerdas aproximadamente que se describe en la escritura; que el municipio de Humacao ha urbanizado la referida finca trazando sus calles y dividiéndola en 109 solares, según el plano de urbanización aprobado por los Departamentos de Sanidad e Interior, y que en virtud de ordenanza aprobada por la Asamblea Municipal de Humacao el alcalde del municipio fué autorizado para dar y ceder en usufructo los referidos solares a aquellas personas que fueran acreedoras a ello a fin de que pudieran construir en los mismos; que de acuerdo con la referida ordenanza, en su carácter de alcalde y jefe ejecutivo del municipio de Humacao cede y da a don Segundo Costa en usufructo perpetuo, graciosamente y sujeto a ciertas condiciones, el solar que se describe en la escritura; que el usufructuario tendrá la obligación de edificar sobre dicho solar dentro de un plazo no mayor de cinco años a contar desde la fecha en que queden terminadas y afirmadas debidamente las calles que han de ser trazadas en dicha urbanización y previa aprobación de los planos de construcción por el Departamento de Sanidad Insular.

Presentado el referido documento para su inscripción en el Registro de la Propiedad de Humacao, el registrador se negó a inscribirlo alegando en apoyo de su actuación los fundamentos que a continuación se expresan:

"Que el señor alcalde de Humacao carece de capacidad para otorgar concesiones de solares para construir casas, pues esta facultad la concede específicamente la vigente ley municipal a la Asamblea mediante el procedimiento fijado en su artículo setenta, no pudiendo ésta por ordenanza delegar en el alcalde tales poderes; que el derecho que se concede al señor Segundo Costa dándole un término de cinco años para edificar el solar en cuestión es contrario a la letra y espíritu de dicho artículo por cuanto éste en su párrafo tercero dispone que 'no se tomará en consideración solicitud alguna si el peticionario no la acompaña de los planos y presupuesto del edificio que se haya de construir de modo que la Asamblea pueda darse cuenta de la obra al acordar la concesión', requisito que no consta haberse cumplido en este caso; y porque de otro modo habría que considerar el usufructo concedido como un gravamen impuesto sobre propiedad inmueble municipal, en cuyo caso quedaría sujeto a las prescripciones del artículo 38 de la referida ley municipal vigente en relación con el inciso cinco del artículo 8 de la misma, prescripciones que tampoco aparecen cumplidas en este caso."

Es verdad que según ordenanza aprobada por la municipalidad de Humacao en 15 de octubre de 1936 la finca rústica mencionada ha sido urbanizada, "habiéndose aprobado debidamente los correspondientes planos de urbanización por los Departamentos de Sanidad e Interior de Puerto Rico. Dicha propiedad ha sido dividida en solares, estando cada uno de ellos numerado de acuerdo con el referido plano de urbanización, en el cual se han trazado los proyectos de calles." En la referida ordenanza se autoriza al alcalde para conceder y dar en usufructo a perpetuidad a las personas que así lo solicitaren y que a su juicio se les deba conceder y sean acreedoras a ello, los solares radicados en la propiedad que ha sido urbanizada para barriada obrera. La persona a cuyo favor conceda el alcalde el usufructo de uno de dichos solares, tendrá la obligación de construir en el mismo, dentro de un plazo no mayor de cinco años a contar desde la fecha en

que queden terminadas y afirmadas debidamente las calles que han de ser trazadas en dicha urbanización, previa aprobación de los planos de construcción correspondientes por ·el Departamento de Sanidad Insular. Estas son las disposiciones sustanciales de la ordenanza que sirvió de base a la concesión del usufructo en el caso objeto de este recurso.

El artículo 70 de la vigente Ley Municipal (núm. 53 de 1928, pág. 335) citado por el registrador dice, en lo pertinente, así:

"La Asamblea Municipal podrá, a petición, conceder solares a perpetuidad, para construcción de casas en los mismos, en las condiciones que fije aquélla en ordenanza aprobada al efecto . . .

"Las Asambleas Municipales deberán especificar en las concesiones que otorgaren los derechos respectivos del cedente y del cesionario o sus sucesores respecto a la propiedad de los edificios, su reconstrucción, en los casos en que fueren destruídos o deteriorados.

"La cesión se hará necesariamente mediante ordenanza o resolución adoptada por la mayoría del número total de miembros de que se componga la Asamblea; siendo entendido que no se tomará en consideración solicitud alguna si el peticionario no la acompaña con los planos y presupuesto para el edificio que se haya de construir, sobre el solar solicitado, de modo que la Asamblea pueda darse cuenta de la obra al acordar la concesión."

Arguye el registrador que el alcalde carece de poder para hacer la mencionada concesión, por ser ésta una facultad específica de la asamblea municipal, que no puede ser delegada en ningún otro funcionario del municipio. Nos parece acertada la conclusión del registrador. La asamblea municipal puede delegar en el alcalde funciones de orden ministerial o administrativo, pero no aquéllas de carácter discrecional.

Dice McQuillin -en su obra "Municipal Corporations", tomo primero, páginas 996–997:

"Aunque los poderes o facultades legislativos o discrecionales concedidos por una franquicia o ley a un concejo o cuerpo gubernamental o a determinada junta o funcionario no puede delegarse a otros ha sido igualmente bien establecido que las funciones ministeriales o administrativas pueden ser delegadas a subordinados. 'Funciones

ministeriales son aquéllas de carácter absoluto, fijo y cierto, en cuyo cumplimiento la junta o funcionario no ejerce discreción alguna.'

''La ley siempre ha reconocido y dado énfasis a la distinción existente entre aquellas ocasiones en que ha de ejercerse discreción por el funcionario, departamento o cuerpo gubernamental a quien se concede la discreción, y el desempeño de deberes puramente ministeriales por parte de subordinados y mandatarios. En su consecuencia, la designación de agentes para que ejerzan la autoridad del concejo es de todo punto procedente, y no viola la regla *delegatus non potest delegare*. Así pues, el concejo puede crear comités u otros cuerpos para que investiguen determinados asuntos, obtengan información, rindan informes y recomendaciones, mas el concejo por sí solo debe finalmente determinar toda cuestión sometida a su discreción o discernimiento.''

El artículo 70 anteriormente transcrito dice que la cesión se hará necesariamente mediante ordenanzas, siendo entendido que no se tomará en consideración solicitud alguna si el peticionario no la acompaña con los planos y presupuesto para el edificio que se haya de construir sobre el solar solicitado, de modo que la Asamblea pueda darse cuenta de la obra al acordar la concesión. Los planos de construcción y el presupuesto de la obra que se proyecta construir deben estar a disposición de la asamblea para que pueda examinarlos y darse cuenta de la obra al adoptar su acuerdo. No basta que hayan sido aprobados los planos correspondientes de urbanización general por los Departamentos de Sanidad e Interior de Puerto Rico y que la propiedad haya sido dividida en solares. Es necesario que el solicitante someta en cada caso su plano de construcción a la asamblea municipal con el presupuesto de la obra, cada vez que se va a hacer una concesión, a fin de que queden cumplidos los requisitos de ley. Son éstas facultades concedidas expresamente a la asamblea municipal que no pueden ser delegadas en el jefe ejecutivo del municipio.

*Debe confirmarse la nota del registrador.*